459 P.2d 738

**Tony BENITES, Petitioner,**

v.

**INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Skyline Manufacturing Corp., Respondent Employer,**

**State Compensation Fund, Respondent Insurance Carrier.**

**No. I CA–IC 308.**

Court of Appeals of Arizona, Division 1.

Department A.

Oct. 20, 1969.

Rehearing Denied Dec. 8, 1969.

Review Granted Jan. 6, 1970.

Huerta & Johnston, by Spencer K. Johnston, Phoenix, for petitioner.

Donald L. Cross, Chief Counsel, Phoenix, for The Industrial Commission of Arizona, respondent.

Robert K. Park, Chief Counsel, by Donald L. Cross, Phoenix, for the State Compensation Fund, respondent Carrier.

STEVENS, Judge.

The petitioner secured the issuance of a writ of certiorari to review the lawfulness of an award entered by The Industrial Commission of Arizona in relation to an industrially related injury sustained on 27 September 1968. The procedures prior to the amendments which became effective 1 January 1969 are applicable.

In response to the writ of certiorari, the Commission certified the claims file to the Court. The respondent Fund filed a motion to quash the writ. The Court undertook an examination of the claims file and on its own motion raised a question as to the jurisdiction of the Court, a question which differs from the one raised by the Fund's motion. The Court requested briefs which have been furnished by counsel.

The only portion of the file which purports to indicate that "action" was taken by The Industrial Commission of Arizona is a printed form of an "award" with typed material inserted in the appropriate blank spaces. This document is dated 16 May 1969 and is entitled "Findings and Award for Temporary Disability". The "award" is on the form frequently used by the Commission, and the fact of the use of a printed form plays no part in this opinion. The document in question carries a 20-day clause. No Industrial Commissioner signed this document. It bears, by rubber stamp endorsement, the names of three Commissioners. The rubber stamps do not purport to be facsimile signatures and in our opinion had facsimile signatures been used the result would have been the same.

The Court of Appeals presented the following issue to counsel:

"The document attached to the motion to quash and relied upon by the Fund does not bear the signature or signatures of one or more of the Industrial Commissioners. The document in the file before the Court of Appeals bears no file stamp of the Industrial Commission. In the event that a document must bear the signatures of the Industrial Commissioners and must be filed of rec-

ord by the Industrial Commission before it can be an award, then it would appear that no award has been entered in this claim file by the Industrial Commission. In the event that there has been no award, it would appear that the Court of Appeals is without jurisdiction. The Court of Appeals requests that these issues be briefed."

There can be no question of the jurisdiction of the Commission to properly process the claim. Following the industrial injury all necessary jurisdictional prerequisites were promptly taken. There is no issue as to whether the petitioner sustained an industrial injury. The claims file includes reports of extensive medical examinations and a medical consultation. Thereafter, the "award" in question was "entered" and a copy thereof was promptly served on the petitioner. As of 16 May 1969, no formal hearing had been held or requested. On 13 June 1969, a request for a formal hearing was filed with the Commission. Had the request been filed within the 20-day period next following the 16th day of May, undoubtedly the Commission would have granted the request. Also on 13 June 1969, the petitioner filed his petition for a writ of certiorari in the Court of Appeals. He had not first exhausted his administrative remedies before the Commission. The failure to exhaust his administrative remedies was the basis of the motion filed by the Fund.

In the absence of a showing of which we are not aware, if one is available, the Fund's motion would have been well taken *if* the document of 16 May was, in law, an "award". It was this state of the record, evident to the Court upon its examination of the claims file, which caused the Court to raise the question hereinbefore quoted.

We are not here concerned with amended A.R.S. § 23–108.03, effective 1 January 1969 which authorizes the Commission to delegate some of its "ministerial or discretionary" "powers and duties" "by resolution". The 16 May document does not appear to have been entered pursuant to

delegated authority. See also A.R.S. § 23–1270, effective 1 January 1969.

In Powell v. Industrial Commission, 102 Ariz. 11, at page 13, 423 P.2d 348, at page 350 (1967) the Arizona Supreme Court cited A.R.S. § 23–928 and an earlier Industrial Commission case and then stated:

"* * * that although the Commission could delegate some of its ministerial or administrative duties to agents, including the power to hold hearings and take testimony, the final duty of reaching a decision on the evidence could not be delegated to anyone."

The Code sections hereinafter referred to are as they appeared prior to the amendments effective 1 January 1969.

A.R.S. § 23–901 defines an award as follows:

"1. 'Award' means the finding or decision of the commission * * *."

A.R.S. § 23–921 provides that:

"This chapter shall be administered by the industrial commission of Arizona."

A.R.S. § 23–103 provides, in part:

"A majority of the commission shall constitute a quorum to transact business."

The Arizona cases establish that The Industrial Commission acts in a quasi judicial capacity and that its awards, when properly entered, are res judicata.

In the opinion of the Court, the only method of determining or adjudicating the status of a claim of the injured workman is by an award. An award in the instant case could only have been entered by the Commission. There is no evidence of action by the Commission except the 16 May document. This is not an "award" for the reason that it does not bear the signatures of the Commissioners. The present status of the claim and of the claims file is that the Commission personnel have recommended to the Commission a course of action which the personnel deem to be appropriate and the Commission has not acted. There being no award to review, the petitioner's claim is in the status of a claim

without an Industrial Commission adjudication. The writ is quashed and the petition for the writ is dismissed.

DONOFRIO, P. J., and CAMERON, J., concur.