467 P.2d 911

**Tony BENITES, Petitioner,**

v.

**INDUSTRIAL COMMISSION of Arizona,
Respondent,**

**Skyline Manufacturing Corp., Respondent Employer,**

**State Compensation Fund, Respondent
Insurance Carrier.**

**No. 9875–PR.**

Supreme Court of Arizona,
In Banc.

April 13, 1970.

Rehearing Denied May 8, 1970.

———◆———

Huerta & Johnston, by Spencer K. Johnston, Phoenix, for petitioner.

Donald L. Cross, Chief Counsel, Phoenix, for respondent, Industrial Commission of Arizona.

Robert K. Park, Chief Counsel, Phoenix, for respondent carrier, State Compensation Fund.

LOCKWOOD, Chief Justice:

This case is before us on a petition to review a decision of the Court of Appeals quashing a writ of certiorari directed to the Arizona Industrial Commission. That decision appears in 10 Ariz.App. 459, 459 P.2d 738. We vacate the opinion of the Court of Appeals, quash the writ of certiorari, and remand the case to the Industrial Commission for the entry of a valid award.

On September 27, 1968 the claimant, Tony Benites, suffered an injury arising out of and in the course of his employment. He appears to have bumped his head and bruised his thigh to an extent that ordinarily would cause no concern, but within a few days the nerves and muscles of both legs began showing extraordinary symptoms of partial paralysis. Doctor Alway, an orthopedic surgeon, reported that the patient had a "right foot drop and a partial left foot drop" with "no orthopedic abnormality to account for this." Doctor Tyler, a neurologist, reported that the patient seemed to have a "serious systemic disease" which needed prompt therapy.

Claimant's condition deteriorated rapidly and he was hospitalized to expedite diagnosis and provide therapy. Every kind of sophisticated test was tried. In December of 1968 Dr. Tyler reported that it was his "impression" that the claimant had a "peripheral neuropathy with generalized disease of the nervous system, of undetermined etiology."

The doctor had the medical library do research on the case and by the time the patient was discharged on January 3, 1969, Dr. Tyler gave as his diagnosis "Liver disease of undetermined etiology, and possible Charcot-Marie-Tooth disease." The latter is a chronic nerve tissue disease which leads to muscular paralysis and atro-

phy. At the time of his discharge, claimant was totally disabled, diagnosis was not positive, and it had not been determined whether the disease was caused by the injury. A group consultation was therefore called. Present were Doctors Hoffman, Gans, Aidem and Tyler. All but Dr. Tyler signed a report dated March 20, 1969 stating that Mr. Benites had a generalized disease probably related to the liver, but unrelated to his industrial injury; that he was unable to return to work; and that his inability to work was due to the disease and not to his accident.

Dr. Tyler did not sign the above report; instead he wrote and signed the following statement:

"I do not agree with the first paragraph of the comments. I feel that the patient suffered a bonafied [sic] industrial injury *which precipitated,* but did not cause, *the original foot drop* and that the foot drop on the opposite side was in turn precipitated by his limping on his first side. I find no basic disagreement with the rest of the consultation." (Emphasis supplied.)

On May 16, 1969 a document designated as "Final Findings and Award" was mailed to the claimant. It awarded him medical benefits and compensation up to April 3, 1969. Near the bottom of the page the following language appeared in red ink:

"* * * [A]ny party aggrieved by this award may apply for hearing of the same by filing written application therefor at the office of this Commission within TWENTY (20) DAYS after the service of this award, as provided by the rules and regulations of this Commission * * *."

We have upheld the validity of this twenty day clause in the past. Schultz v. Industrial Commission of Arizona, 44 Ariz. 357, 37 P.2d 372. In 1968 the whole workmen's compensation law was repealed and a new one was enacted. However, since the accident in the instant case occurred before January 1, 1969, the old law applies.

On June 13, 1969 claimant filed an application for a hearing before the Commission and a petition for a Writ of Certiorari with the Court of Appeals, which issued the writ. As soon as the Commission certified its record to that Court, the State Compensation Fund moved to quash the writ on the ground that its "award" became final after twenty days and neither of the documents filed on June 13th were timely.

While examining the record, the Court of Appeals observed that the names of the commissioners were rubber-stamped on the "award", and the Court, sua sponte, raised the question of whether the stamped document was an award at all. It took the position that if the award were not valid, the Court had no jurisdiction to hear the case, and for that reason it ordered the parties to submit briefs on that issue before proceeding on the merits.

The Fund filed a brief to which were attached exhibits and an affidavit. It acknowledged that the Commission acts as the adjudicating body for all workmen's compensation cases. It alleged that the Commission has to process over 80,000 claims a year, which averages about one every two minutes. It argued that if each has to be signed by the commissioners, they will barely have time to sign them all without studying them, and would never have time to read even those which required intensive study. For this reason, the Commission has, for many years, operated under a policy of delegating the decisions in the simpler cases to its employees. The brief admits that the discretionary adjudications may not be so delegated, but argues that there are many cases which involve ministerial decisions because they are entirely free of controversy as to both the facts and the law, and such cases may be delegated to claims clerks. The brief admits that the instant case was so treated and that the "award" was so entered, but contends that the matter was so nearly free of conflict in the medical evidence that the adjudication must be considered to

have been a ministerial, and therefore delegable act.

The brief cites the recent case of Russell v. Industrial Commission, 104 Ariz. 548, 456 P.2d 918, in which we said:

"* * * The Industrial Commission has many thousand applications for compensation each year. In the vast majority of cases there is no dispute as to the compensability of the injuries or the amount of compensation due, and it has been the practice *of the commission* ever since its organization,. where no request is made for a formal hearing, *to make the awards* upon the basis of the application, the employer's report, and the reports of such physicians as either party may desire to present, including that of the commission's own physicians. We think that when an award is made in this manner and acquiesced in by all of the parties that it is valid." (Emphasis supplied.)

We do not consider that the above language supports the Fund's position that this Court "recognizes that the Commissioners cannot individually look at all of the thousands of claims that are filed each year." All that the language means is that awards may be made without hearings in some types of cases. There is nothing in that language that implies that awards may be made by claims clerks or other employees of the Commission.

The opposing brief of the claimant, on the other hand, expressed "frank stunned amazement" at the Fund's admission that the award in the instant case had never been perused by a commissioner and had been made by a claims clerk on the theory that the decision was a ministerial duty. Claimant points out that his claim was not one where there was no conflict in the evidence; that Dr. Tyler specifically disagreed with the majority of the medical panel and wrote a minority report stating that he thought that while the disability was not caused by the accident, the latter "precipitated the foot drop." Claimant contends that this is a typical case of a preexisting weakness aggravated by a compensable accident—a situation which has always been covered by the workmen's compensation laws. Murray v. Industrial Commission, 87 Ariz. 190, 349 P.2d 627.

The Court of Appeals, after considering the briefs, held that the "award" made and stamped by the claims clerk was no award at all, and that in the absence of a valid award the Court had no jurisdiction to proceed further. Accordingly, it quashed the writ of certiorari which it had previously issued, and dismissed the petition.

The State Compensation Fund and the Commission found themselves in the unenviable position of having been granted the relief which they had requested (the quashing of the writ), and at the same time being required to follow a procedure to establish an award, which they found onerous. They therefore have sought review.

Jurisdiction over the subject matter is specifically given to the Court of Appeals by A.R.S. § 12–120.21 which provides that the Court shall have:

"* * * Jurisdiction to issue writs of certiorari to review the lawfulness of awards of the industrial commission * * *."

This presupposes a valid award, the validity of which should always be the first matter of inquiry when matters of doubt appear on its face.

The issue is not whether the names of the commissioners may be rubber-stamped on an award; it is who may make the decision which constitutes an award.

We agree with the Fund and the Commission that most of the grist for the Commission's mill consists of routine cases in which the law and the facts are undisputed and the decision can go only one way. As to them, the Commission may authorize the processing of claims by employees under proper guidelines, but the final approval must be that of the Commission.

An "award" is defined by A.R.S. § 23–901(1) as a "finding or decision *of the commission.*" (Emphasis supplied.)

In Johnson v. T. B. Stewart Construction Company, 37 Ariz. 250, 293 P. 20 we said:

"We think it is implicit in the Workmen's Compensation Act that all orders and awards must be the deliberate act of *the commission*. It is the duty of the commission as a body to consider and deliberate upon the evidence * * * and bring to bear their best and most conscientious judgment with a view of reaching a just, fair, and equitable conclusion. *The commission cannot delegate this imperative duty to any one.*" (Emphasis supplied.)

In Powell v. Industrial Commission, 102 Ariz. 11, 423 P.2d 348 we again emphasized this point saying:

"* * * although the Commission could delegate some of its ministerial or administrative duties to agents, including the power to hold hearings and take testimony, the *final duty of reaching a decision on the evidence could not be delegated to anyone.*" (Emphasis supplied.)

We therefore, hold that the alleged "award" in the instant case was void and a complete nullity.

Nothing which we have written should be construed to mean that the Commissioners must personally sign an award. They may sign the document, put their signatures on it with a rubber stamp, or direct any employees to affix their signatures to it. It is the decision, not the signing, which is required.

We are fully aware of the burden under which the Commission has labored faithfully for many years. But that does not affect the requirements of the statutes governing the duty of the Commissioners at the time this matter arose. The legislature, in its 1968 revision of the compensation laws has taken some steps to lighten the burden of the Commission by delegating more authority to hearing officers in cases occurring after January 1969.

The opinion of the Court of Appeals is vacated. It is ordered quashing the writ and remanding the matter to the Industrial Commission for the purpose of determining an award.

STRUCKMEYER, V. C. J., and UDALL, McFARLAND and HAYS, JJ., concur.