475 P.2d 761

Leon Dempsie CAULEY, Petitioner,

v.

INDUSTRIAL COMMISSION of Arizona, Respondent,

Western Decorators, Inc., Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 270.

Court of Appeals of Arizona,
Division 1,
Department A.

Oct. 21, 1970.

Rehearing Denied Dec. 23, 1970.

Review Granted March 2, 1971.

Gorey & Ely by Stephen S. Gorey and Sherman Bendalin, Phoenix, for petitioner.

Donald L. Cross, Chief Counsel, Phoenix, for the Industrial Commission of Arizona.

Robert K. Park, Chief Counsel by James E. McDougall, Phoenix, for respondent State Compensation Fund.

CAMERON, Judge.

This is a writ of certiorari to review an award of the Industrial Commission.

We are called upon to determine whether the final award entered in this matter disposed of the issues involved and was sufficient upon its face for this Court to make a proper determination of the matter on appeal.[1]

The facts necessary for a determination of this matter are as follows. Petitioner suffered a serious injury as the result of electric shock while working for the respondent-employer, Western Decorators, Inc. Application was made for workmen's compensation and the Commission, on the 16th day of February, 1965, by order, accepted jurisdiction. Thereafter, on 13 May 1965, a paper entitled "Findings And Award For Temporary Disability" was filed. This was rubber-stamped by members of the Commission staff and the file does not reflect the Commission action which would support such findings.

Thereafter on the 25th day of October, 1965, Decision Upon Hearing And Findings And Award was filed by the Commission properly signed rescinding the alleged findings and award for temporary disability of 13 May 1965. By this action there was, in effect, no award by the Commission.

Thereafter on 16 February 1966, Findings And Award For Temporary Disability was issued, rubber-stamped by the Commission staff, and there is no evidence which would indicate that the Commission took proper action to effectuate this award.

On 20 September 1967, there was filed a "Decision Upon Hearing And Order Affirming Previous Finding And Award." This decision reaffirmed the 16 February rubber-stamped award which, as we have indicated, did not appear to be the result of any Commission action. In addition, the 20 September award made further findings concerning the medical evidence, finding:

"That applicant does not have any mental or physical disability reasonably attributable to the accident of January 20, 1967."

And entering the following order:

"IT IS ORDERED that the Findings and Award for Temporary Disability entered herein on the 16th day of February, 1966, be, and the same is hereby affirmed."

This 20 September 1967 award was signed by two members of the Commission and was supported by a record of the Commis-

---

1. This case was decided under the law as it existed prior to 1 January 1969.

sion· action signed· by all three members. It should be noted that the 16 February 1966 award was a rubber-stamp award.

Thereafter and after motions and objections, the Industrial Commission, on 21 February 1969, in an action signed by three Commissioners, issued the following "Decision. Upon Rehearing And Order Affirming Decision Upon Rehearing and Order Affirming Previous Findings And Award" which reads as follows:

"Heretofore on September 20, 1967 this Commission entered herein Decision Upon Hearing and Order Affirming Previous Findings and Award.

"Thereafter said applicant filed Petition for Hearing and this Commission having reconsidered the file and all reports now enters its Decision Upon Rehearing and Order Affirming Decision Upon Rehearing and Order Affirming Previous Findings and Award as follows:

### FINDINGS

"1. This Commission finds that said applicant has not submitted anything which has not been given full consideration by this Commission and said applicant has 'had his day in court'.

"2. This Commission hereby denies said applicant's Petition for Hearing.

### ORDER

"IT IS ORDERED that the Decision Upon Hearing and Order Affirming Previous Findings and Award entered herein on the 20th day of September, 1967, be, and the same is hereby affirmed.

"IT IS FURTHER ORDERED that any party aggrieved by this order may, within THIRTY (30) DAYS after the rendition of the same, apply to the Court of Appeals of the State of Arizona, Division One, for a Writ of Certiorari to review the lawfulness of said order, pursuant to the provisions of A.R.S., Section 12–120.21, subsec. B, 1964."

This Court after hearing the matter and going through the file noticed the rubber-stamped awards, it being cognizant of the statement of the Supreme Court of Arizona in the case of Benites v. Industrial Commission, 105 Ariz. 517, 467 P.2d 911 (1970), concerning the validity of an award.

We asked the parties to submit supplemental briefs on the awards in the file, and the response of the parties did not indicate any Commission action which would support the validity of the purported awards of 13· May 1965 and 16 February 1966.

We are faced with the problem that the findings and awards for temporary disability which contain the facts necessary for our determination are not signed by the Commission and there is nothing in the file which indicates that they are, in fact, the act of the Commission. Our Supreme Court has stated:

"In Powell v. Industrial Commission, 102 Ariz. 11, 423 P.2d 348 we again emphasized this point saying:

'* * * [A]lthough the Commission could delegate some of its ministerial or administrative duties to agents, including the power to hold hearings and take testimony, the *final duty of reaching a decision on the evidence could not be delegated to anyone.*' (Emphasis supplied.)

"We therefore, hold that the alleged 'award' in the instant case was void and a complete nullity.

"Nothing which we have written should be construed to mean that the Commissioners must personally sign an award. They may sign the document, put their signatures on it with a rubber stamp, or direct any employees to affix their signatures to it. It is the decision, not the signing which is required." Benites v. Industrial Commission, supra, at 520, 467 P.2d at 914.

■ We are thus faced with the following situation. The "award" of 13 May 1965 for temporary disability, not being an action of the Commission, was a nullity. The award of 25 October 1965 was a Commission action although it only set aside the prior 13 May 1965 "non-award."

■ The action of 16 February being a "rubber-stamp" award, and not reflecting any Commission action, was a nullity.

■ The 20 September award was a valid award though it attempted to incorporate the 16 February 1966 award which was a nullity. The 21 February 1969 award was valid even though it merely attempted to reaffirm the 20 September 1967 award.

The award of 21 February 1969 was made prior to a statement by the Arizona Supreme Court in Russell v. Industrial Commission, 104 Ariz. 548, 456 P.2d 918 (1969), which criticized the practice of affirming previous awards as a source of procedural confusion. Had the award of 21 February 1969 been complete upon its face and not merely affirmed a previous award, we would have no problem in this matter. We are faced, nevertheless, with the problem that the 21 February 1969 award is incomplete in that it merely affirms the previous award which in itself attempts to affirm a previous "non-award", and this Court has stated:

"We do not find in the Commission's actions the necessary findings of fact which not only dispose of the material issues before the Commission, but give to the parties and this Court an understanding of what the Commission considered and how and upon what basis they arrived at their decision: ' * * * We are of the opinion that it is not essential under our statute that specific findings of fact be made on every issue which might be involved in a hearing, provided that the findings as made are of such a nature that they necessarily dispose of all the material issues involved.' (citations omitted)

"In the instant case we would have no difficulty in affirming the more detailed report of the referee. We do not feel, however, that the Commission, after three hearings, can discharge its obligation of reviewing the entire file and disposing of the material issues contained therein with a statement that the evidence supports the findings heretofore entered. The Commission having failed to dispose of the material issues in this matter, the award should be and is set aside." Patterson v. Industrial Commission, 10 Ariz.App. 421, 423, 459 P.2d 338, 340 (1969).

■ In the instant case, the Commission has failed in its final award to give the parties or this Court sufficient findings of fact upon which we can make a decision and the award must be set aside.

It would be easy, were we allowed to do so, to hold that the prior "non-award" being acquiesced in by the parties were valid awards and to allow the incorporation of the two prior "awards" into the 21 February 1969 award. We do not, however, read Benites, supra, as allowing this:

"The brief cites the recent case of Russell v. Industrial Commission, 104 Ariz. 548, 456 P.2d 918, in which we said: ' * * * The Industrial Commission has many thousand applications for compensation each year. In the vast majority of cases there is no dispute as to the compensability of the injuries or the amount of compensation due, and it has been the practice *of the commission* ever since its organization, where no request is made for a formal hearing, *to make the awards* upon the basis of the application, the employer's report, and the reports of such physicians as either party may desire to present, including that of the commission's own physicians. We think that when an award is made in this manner and acquiesced in by all of the parties that it is valid.' (Emphasis supplied.)

"We do not consider that the above language supports the Fund's position that this Court 'recognizes that the Commissioners cannot individually look at all of the thousands of claims that are filed each year.' All that the language means is that awards may be made without hearings in some types of cases.

There is nothing in that language that implies that awards may be made by claims clerks or other employees of the Commission." Benites v. Industrial Commission, supra, 105 Ariz. at page 519, 467 P.2d at page 913.

Award set aside.

DONOFRIO, P. J., and STEVENS, J., concur.

