487 P.2d 1

**Claudio A. VERDUGO, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of
Arizona, Respondent,**

**.Kennecott Copper Corporation, Respond-
ent Employer,**

**State Compensation Fund, Respond-
ent Carrier.**

**No. I CA–IC 390.**

Court of Appeals of Arizona,
Division 1,
Department B.

July 8, 1971.

Review Granted Sept. 21, 1971.

Lawrence Ollason, Tucson, for petitioner.

William C. Wahl, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Fennemore, Craig, von Ammon & Udall by Michael Preston Green, Phoenix, for Kennecott Copper Corp.

Robert K. Park, Chief Counsel, State Compensation Fund, Phoenix, for respondent carrier.

## OPINION ON MOTION FOR REHEARING

JACOBSON, Presiding Judge.

This Court entered its opinion on February 24, 1971,[1] affirming the award of the Industrial Commission. Petitioner timely filed a motion for rehearing, raising the issue as to whether the rubber-stamped signatures of the Commission to its Award of February 7, 1967, denying his claim, invalidated such an award. This issue was raised in petitioner's reply brief and was argued at time of oral argument. The issue was not mentioned in our previous opinion, the Court being of the opinion that it was not dispositive of the appeal. However, since the matter again has been raised by the motion for rehearing and since this Court's view of the problem seems to differ from that of our brethren in Department A of this division, we feel that an opinion touching this issue is now in order.

In Benites v. Industrial Commission, 10 Ariz.App. 459, 459 P.2d 738 (1969) Department A of this division first raised the question of the validity of an award of the

1. We had withheld ruling on this motion for rehearing pending a determination by the Supreme Court of the petition for review granted in the case of Cauley v. Industrial Commission, 13 Ariz.App. 276, 475 P.2d 761 (1970). The Supreme Court on June 23, 1971, denied the petition for review on jurisdictional grounds without reaching the subject matter of this supplemental opinion.

Industrial Commission which does not bear the actual handwritten signatures of the Commission members. The Court in *Benites* held that "[t]his is not an 'award' for the reason that it does not bear the signatures of the Commissioners." *Benites, supra,* 10 Ariz.App. at 460, 459 P.2d at 739. This opinion was subsequently vacated by the Supreme Court (105 Ariz. 517, 467 P.2d 911 (1970)), which reached the same result—setting aside of the Commission award. However, the Supreme Court opinion was based upon a factual admission that the "award" in *Benites* was not the result of Commission action but was made by a "claim clerk". The Supreme Court held:

> "The issue is not whether the names of the commissioners may be rubber-stamped on an award; it is who may make the decision which constitutes an award.

> \*     \*     \*     \*     \*     \*

> "Nothing which we have written should be construed to mean that the Commissioners must personally sign an award. They may sign the document, put their signatures on it with a rubber stamp, or direct any employees to affix their signatures to it. It is the decision, not the signing, which is required." *Benites, supra,* 105 Ariz. at 519, 520, 467 P.2d at 913, 914.

■ In the case of Cauley v. Industrial Commission, 13 Ariz.App. 276, 475 P.2d 761 (1970), Department A of this Court was again faced with a rubber-stamped award. In that case the Court took the position that where a rubber-stamped award is present in the file, the file must reflect that the award purporting to be the result of Commission action is the act of the Commission. In other words, in the absence of some other affirmative evidence showing a rubber-stamped award to be an act of the Commission, the award is invalid.[2] It is at

this juncture that this department parts company with our brethren in Department A.

In Arizona, certain presumptions follow the official acts of her public officers. First is the presumption that public officers to whom a public duty has been delegated will perform that duty. Board of Supervisors v. Udall, 38 Ariz. 497, 1 P.2d 343 (1931); Donaldson v. Sisk, 57 Ariz. 318, 113 P.2d 860 (1941); Covington v. Basich Bros. Construction Co., 72 Ariz. 280, 233 P.2d 837 (1951). Second, where a public officer is required as a condition precedent to the performance of an official act to do a certain thing, the presumption is that the officer has done the specific thing required. Consolidated Motors, Inc. v. Skousen, 56 Ariz. 481, 109 P.2d 41 (1941), certiorari denied, 314 U.S. 631, 62 S.Ct. 64, 86 L.Ed. 507 (1941).

The same presumptions regarding public officials have been applied to the Industrial Commission. Industrial Commission of Arizona v. J. & J. Const. Co., 72 Ariz. 139, 231 P.2d 762 (1951).

■ In the case *sub judice,* aside from the award, the file is silent one way or the other as to whether the rubber-stamped award was the act of the Commission. Applying the presumptions previously referred to, we can come to no other conclusion that in the absence of evidence to the contrary, when an award of the Commission appears in its official file, and bears the rubber-stamped names of the Commissioners, the Commission is presumed to have performed all necessary functions prerequisite to making the award, and the award therefore is valid.

Upon filing this supplemental opinion, petitioner's motion for rehearing is denied.

HAIRE and EUBANK, JJ., concur.

2. *See, also,* Land v. Industrial Commission, 15 Ariz.App. 117, 486 P.2d 229 (filed June 28, 1971), a Department A opinion adhering to its decision in *Cauley, supra.*