496 P.2d 139

**Marshall LAND, Petitioner,**

v.

**INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Southwest Forest Industries, Inc., Respondent Employer, State Compensation Fund, Respondent Carrier.**

**No. 10628–PR.**

Supreme Court of Arizona, In Banc.

May 1, 1972.

Gorey & Ely by Herbert L. Ely, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel, Phoenix, for respondent Industrial Comm. of Ariz.

Stevenson, Warden & Smith, by William W. Stevenson, Flagstaff, for respondent employer.

Robert K. Park, Chief Counsel by James E. McDougall, Phoenix, for respondent carrier State Compensation Fund.

HOLOHAN, Justice.

This matter is before us on a petition for review of the decision of the Court of Appeals issued in a supplemental opin-

,ion, 15 Ariz.App. 117, 486 P.2d 229 (1971), setting aside an award of the Industrial Commission in Claim No. SZ 115.

On May 26th the Court of Appeals handed down its decision in this case, 12 Ariz. App. 298, 469 P.2d 864 (1970). In that opinion the Court of Appeals affirmed the award of the Industrial Commission. The Court of Appeals subsequently granted petitioner's Motion for Rehearing on the issue of whether the rubber stamped names of the Commissioners on the award could constitute a valid award. See Benites v. Industrial Commission, 105 Ariz. 517, 467 P.2d 911 (1970). Additional briefs were filed on that sole issue. The Court of Appeals, Division One, Department A, based on *Benites* ruled in its supplemental opinion in this matter that a rubber stamped award of the Commission is void and a nullity if there is nothing in the file to indicate that the award represented a deliberate act of the Commission.

Department B of Division One of the Court of Appeals had reached a contrary result in Verdugo v. Industrial Commission, 15 Ariz.App. 155, 487 P.2d 1 (1971). We resolved the conflict in our decision on review of the latter case. Verdugo v. Industrial Commission, 108 Ariz. 44, 492 P.2d 705 (1972).

We reaffirm our holding in *Verdugo* that a "rubber stamp" award is no evidence that the Commission acted, and the presumption is to the contrary that the Commission has not acted.

One additional point is raised to distinguish this cause from *Benites* and *Verdugo*. Counsel for the employer argues that the Commission acted subsequently to reaffirm its previous award:

\* \* \* \* \* \*

"This Commission having reconsidered the file and all reports, now enters its Decision Upon Rehearing and Order Affirming Additional Findings and Award as follows:

"FINDINGS

"1. 'Additional Findings and Award' entered by the Commission on June 27, 1967 became final on July 17, 1967.

"2. The 'Additional Findings and Award', which was entered on June 27, 1967 was served on the same date to the applicant, in care of his attorney in Phoenix, Arizona, and also served upon his attorney in Phoenix, Arizona.

"3. Notice of Protest of Award was filed on July 18, 1967 which was the 21st day following service of the Award.

"4. The Commission, within its jurisdiction, did not act to waive the twenty (20) day requirement of Rule 37.

"5. The Commission has no power to waive jurisdiction once jurisdiction has been lost.

"6. The Commission lost jurisdiction when no protest had been filed within twenty (20) days after service of the award.

"ORDER

"IT IS ORDERED that the Additional Findings and Award entered herein on the 27th day of June, 1967, be, and the same is hereby affirmed."

There is no showing that the Commission found anything other than that the Notice of Protest of Award was not timely, and the Commission had no jurisdiction of the matter. The merits of the award were not reviewed in the findings and the review appears to be limited to the matter of jurisdiction. The record does not satisfy the requirement that the Commission be shown to have made the decision. See Russell v. Industrial Commission, 104 Ariz. 548 at 553, 456 P.2d 918 at 923.

The award of June 27, 1967 is set aside.

HAYS, C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.

CAMERON, V. C. J., did not participate in the determination of this matter.