505 P.2d 1387

**Estelle L. BENSON, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Fenster Ranch School, Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. 1 CA–IC 727.**

Court of Appeals of Arizona, Division 1, Department A.

Feb. 6, 1973.

Lawrence Ollason, Tucson, for petitioner.

William C. Wahl, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund, Phoenix by George B. Morse, Tucson, for respondent carrier.

STEVENS, Judge.

The petitioner, Estelle L. Benson, sustained a compensable industrial injury when she fell on 13 July 1967. Her claim was seasonably processed and assigned Claim No. BE 29791. Her attending physician was Juan E. Fonseca, M.D., a neurosurgeon. On 20 December 1970 the Commission entered its "findings and award establishing average monthly wage" to be $217.78. The award was signed by two Commissioners, it contained a 20-day clause and it became final.

On 22 November 1968 Dr. Fonseca advised the Commission "she is being released to return to regular work as of 11/25/68." This was followed by an "award" dated 22 January 1969 allowing the petitioner disability compensation through 24 November 1968, all of which, the award recited, had been paid. The award recited the absence of any physical or mental disability resulting from the accident and contained a 20-day clause. The award bears the names of three Commissioners inserted by rubber stamps. The file is silent as to affirmative action by the Commissioners. There was no request for a hearing in relation to this award.

In 1970 the petitioner filed a petition to reopen and the claim was then assigned Claim No. 0/9 81–00. The State Compensation Fund, as the carrier, issued its notice of claims status denying the reopening, a hearing was requested and one was held. The hearing officer issued his 28 August 1970 decision finding "a new, additional or previously undiscovered condition attributable to the injury by accident arising out of and in the course of her employment on July 13, 1967." The decision found that the doctors recommended certain diagnostic and treatment procedures including psychological and psychiatric evaluation. The decision concluded as follows:

"Applicant is hereby awarded:

"1. Medical, surgical and hospital benefits as provided by law from April 9, 1970.

"2. All reasonable and necessary medical expenses and laboratory work expenses incurred herein as provided by A.R.S. 23–1061 H.

"3. Compensation for temporary total and/or temporary partial disability from and after April 9, 1970 or as provided by law."

The decision contained a 30-day clause and there was no request for a review.

The State Compensation Fund issued its notice of claims status on 21 January 1971 stating:

"5. Temporary compensation terminated on 12/20/70 because:

"B. Claimant discharged with no residual permanent disability.

"6. Medical benefits terminated on 12/20/70.

"8. Other.

"That on January 22, 1969, the Commission entered its Findings and Award for

Temporary Disability and said award became fully paid in the sum of $2,357.87."

There is a notation in the file which indicates that the notice of claims status was based upon a 16 December 1970 group consultation report, which report is not contained in the file. Following the issuance of notice of claims status there was a timely petition for a hearing and the hearing was conducted on 25 May 1971. During this hearing it was brought out that no psychological or psychiatric studies were conducted following the hearing officer's decision of 28 August 1970. The Fund's reasons for not honoring that portion of the decision do not appear of record. At the 25 May 1971 hearing two of the doctors who had participated in the group consultation again urged that psychiatric and psychological studies be conducted.

It was during this last hearing that the petitioner urged that the 22 January 1969 "award" was void. She also urged that she was therefore entitled to a continuation of her disability payments throughout the interim period.

Relying on Verdugo v. Industrial Commission of Arizona, 14 Ariz.App. 79, 480 P.2d 996 (1971), and the opinion on rehearing 15 Ariz.App. 155, 487 P.2d 1 (1971), the hearing officer's decision, which was dated the 26 of July 1971, upheld the validity of the 22 January 1969 award. The decision continued in effect the award to the petitioner in language similar to that quoted in paragraphs numbered 1 and 3 of the 28 August 1970 decision.

Petitioner sought a Commission review of the 26 July 1971 decision and on review the Commission affirmed the same by its award of 8 September 1971. The matter was then brought to this Court by certiorari.

■ In a series of cases in which the Arizona Supreme Court has reviewed workmen's compensation decisions entered by the Court of Appeals, it has been affirmatively decided that rubber-stamped awards, without more, are not valid.

Among these cases are Benites v. Industrial Commission of Arizona, 105 Ariz. 517, 467 P.2d 911 (1970); Cauley v. Industrial Commission of Arizona, 107 Ariz. 285, 486 P.2d 183 (1971); Verdugo v. Industrial Commission of Arizona, 108 Ariz. 44, 492 P.2d 705 (1972), the Verdugo Supreme Court decision having vacated the Verdugo opinions of the Court of Appeals, supra, which were relied on in the 26 July 1971 hearing officer decision; and Land v. Industrial Commission of Arizona, 108 Ariz. 278, 496 P.2d 139 (1972).

In the Supreme Court's decision in the review of Verdugo, the Court stated:

"We therefore hold that the file being silent as to the action of the Commission in making the alleged award, the presumption was that the Commission did not make the award.

\* \* \* \* \* \*

"As to Claim Number TG 875, there being no final award in said claim, the Industrial Commission and the parties are free to proceed in that matter." 108 Ariz. at 49, 492 P.2d at 710.

We find the following in Land:

"We reaffirm our holding in Verdugo that a 'rubber stamp' award is no evidence that the Commission acted, and the presumption is to the contrary that the Commission has not acted." 108 Ariz. at 279, 496 P.2d at 140.

Based on these Supreme Court decisions we hold that the "award" of 22 January 1969 is void. We expressly refrain from commenting upon the effect of this holding. We expressly refrain from commenting upon what rights the petitioner may now have during the interim period between the last compensation which she received and the 9 April 1970 date which was established by the hearing officer's decision of 28 August 1970.

■ In view of the fact that the authority of this Court is limited to either affirming or setting aside awards, and since the Commission's award of 8 September 1971 was erroneous in that it affirmed the

 

hearing officer's 26 July 1971 holding that the 22 January 1969 award was valid, we have no alternative other than to set aside the Commission award of 8 September 1971 and the award is hereby set aside.

DONOFRIO, P. J., and OGG, J., concur.