144 P.3d 535

**WESTERN WATER WORKS,**
**Petitioner Employer,**

**State Compensation Fund,**
**Petitioner Carrier,**

v.

**The INDUSTRIAL COMMISSION**
**OF ARIZONA, Respondent,**

**Jonathan Young, Respondent Employee,**

**Special Fund Division/No Insurance**
**Section, Respondent Party in**
**Interest.**

**No. 1 CA–IC 05–0133.**

Court of Appeals of Arizona,
Division 1, Department B.

Oct. 17, 2006.

Doherty & Venezia, P.C. By Stephen M. Venezia, Phoenix, Attorneys for Petitioners Employer and Carrier.

Laura L. McGrory, Chief Counsel, The Industrial Commission of Arizona, Phoenix, Attorney for Respondent.

J. Terence Fox, Attorney at Law, Phoenix, Attorney for Respondent Employee.

Industrial Commission of Arizona, No Insurance Section/Special Fund Division By Suzanne Scheiner Marwil, Phoenix, Attorney for Respondent Party in Interest.

## OPINION

HALL, Judge.

¶ 1 Employer Western Water Works Contracting, Inc. (Western) appeals the decision of the Administrative Law Judge (ALJ) joining it as a party to the respondent employee's workers' compensation claim. For the reasons that follow, we affirm the ALJ's joinder order.

## FACTS AND PROCEDURAL HISTORY

¶ 2 On February 5, 2004, the respondent employee (claimant) was struck and injured by a passing vehicle while working as a road construction laborer for Joe Furlong, doing business as Liberty Contracting (Liberty). On November 17, 2004, the claimant filed a workers' compensation claim, which was accepted for benefits by the Special Fund Division/No Insurance Section (Special Fund). *See* A.R.S. § 23–907(B) (Supp.2005) (uninsured employers). Liberty timely protested, and a hearing was scheduled before the Industrial Commission of Arizona (ICA).

¶ 3 On May 19, 2005, the Special Fund filed a motion to join Western and the petitioner carrier, State Compensation Fund (Fund), as the claimant's statutory employer and carrier, respectively. In support of this motion, the Special Fund submitted a contract between the City of Phoenix Street Transportation Department and Western. Although the Fund objected, the ALJ issued findings and order granting joinder. Following joinder, on June 20, 2005, Liberty moved to withdraw its hearing request on the compensability of the claimant's claim. On June 21, 2005, Western requested review of the joinder order. On November 28, 2005, after all parties responded to this request, the

ALJ issued a decision upon review affirming joinder.

¶ 4 Western appealed. We have jurisdiction pursuant to A.R.S. §§ 12–120.21(A)(2) (2003), 23–951(A) (1995), and Arizona Rule of Procedure for Special Actions 10.

## DISCUSSION

█ ¶ 5 As its sole issue on appeal, Western contends that the ALJ erred by ordering joinder because the one-year statute of limitations for filing workers' compensation claims had expired. We review the ALJ's legal conclusions de novo. *See, e.g., Finnegan v. Indus. Comm'n,* 157 Ariz. 108, 109, 755 P.2d 413, 414 (1988). Likewise, we review questions of statutory interpretation de novo. *Universal Roofers v. Indus. Comm'n,* 187 Ariz. 620, 622, 931 P.2d 1130, 1132 (App. 1996).

█ ¶ 6 As a preliminary matter, the Special Fund argues that Western's appeal of the joinder order is premature. We have jurisdiction "to review the lawfulness of . . . [an] award, order or decision upon review" issued by the ICA. *See* § 23–951(A). Although it is not necessary to bring a special action to preserve an interlocutory procedural ruling for appeal, *see Israel v. Indus. Comm'n,* 137 Ariz. 124, 126–27, 669 P.2d 102, 104–05 (App.1983), by definition, an order may be the subject of special action review. *See Meva Corp. v. Indus. Comm'n,* 15 Ariz. App. 20, 24, 485 P.2d 844, 848 (1971).

¶ 7 In *Meva,* the Arizona Supreme Court held that:

Any formal written document in a matter adjudicating the right of a workman which document was executed by the Commissioners of the Arizona Industrial Commission or which complies with the requirement of *Benites v. Industrial Commission of Arizona,* 105 Ariz. 517, 467 P.2d 911 (1970), whether entitled a "Commission action," an "Order" or an "award," and which contains a direct determination of some issue in relation to the claim of a particular injured workman is an award.

*Id.* In this case, the ALJ's June 10, 2005 joinder order is a direct determination "of some issue in relation to the [claimant's]

claim." For that reason, it is an award subject to judicial review. Therefore, we address the merits of Western's claim that joinder was barred because the one year statute of limitations had run.

¶ 8 In order to invoke the jurisdiction of the ICA, a claimant must file a written claim for compensation within one year after the injury occurred. *See* A.R.S. § 23–1061(A) (Supp.2005). The claimant filed a formal written claim on November 17, 2004, within the one-year period. At the time he filed this claim, the claimant stated that his employer was Liberty. The first mention of Western in the record is on February 17, 2005, outside of the one-year statute of limitations period, when the claimant's attorney wrote a letter to the ICA stating that Liberty was a subcontractor of Western. Three months later, following its investigation, the Special Fund filed a motion to join Western supported by a contract entered into between Western and the City of Phoenix.

¶ 9 Joinder in ICA proceedings is governed by A.A.C. R20–5–150f (Rule 150), which provides:

A. An administrative law judge may join as a party any person, firm, corporation, or other entity in favor of whom or against whom a right to relief may exist and *over whom the Commission may acquire jurisdiction.*

B. Joinder may be made upon application of any party or upon the presiding administrative law judge's own motion.

C. A party seeking to join another person, firm, corporation, or other entity shall file a motion requesting joinder with the presiding administrative law judge at least 30 days before hearing. The moving party shall serve a copy of the motion upon the person, firm, corporation, or other entity for whom joinder is requested, and upon all other parties.

D. If the requirements of this Section are met, the presiding administrative law judge shall join as a party the person, firm, corporation, or other entity for whom joinder is requested and shall issue a notice advising the parties of the joinder.

*Id.* (emphasis added).

¶ 10 Western argues that it could not be joined because it was not a party "over whom the Commission may acquire jurisdiction" because the one year statute of limitations for filing a workers' compensation claim had run. The Special Fund responds that § 23–1061(A) only applies to a claimant's initial claim for workers' compensation benefits, which once filed, tolls the statute of limitations and invokes the ICA's jurisdiction. The ICA rules then apply to processing of the claimant's claim. In support of their opposing positions, the Special Fund cites Rule 14(a) and Western cites Rule 15(c) of the Arizona Rules of Civil Procedure.[1]

¶ 11 Section 23–1061(A) provides in relevant part:

[N]o claim for compensation shall be valid or enforceable unless the claim is filed with the commission by the employee, or if resulting in death by the parties entitled to compensation, or someone on their behalf, in writing within one year after the injury occurred or the right thereto accrued. The time for filing a compensation claim

---

1. Rule 14(a) states in pertinent part:
   At any time after commencement of the action a defendant, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff.
   Rule 15(c) provides in relevant part:
   Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment, plus the period provided by Rule 4(i) for service of the summons and complaint, the party to be brought in by amendment, (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

begins to run when the injury becomes manifest or when the claimant knows or in the exercise of reasonable diligence should know that he has sustained a compensable injury.

¶ 12 In interpreting a statute, we look first to the language of the provision, and will ascribe the plain meaning of the language used unless the terms are ambiguous. *Dunn v. Indus. Comm'n,* 177 Ariz. 190, 194, 866 P.2d 858, 862 (1994). Here, the plain meaning of § 23–1061(A) is clear. To be enforceable, a claimant must file a workers' compensation claim within one year after the industrial injury becomes manifest, or when the claimant knew or should have known he sustained a compensable injury.

¶ 13 Applying the statute to this case, the one-year filing requirement set by § 23–1061(A) was met and the claimant's workers' compensation claim is not barred by the statute of limitations. Rule 150 merely permits the joinder of another party following the timely filing of a claim. Because it does not extend the time frame within which an employee may file a workers' compensation claim, the rule, which permits a party to file a joinder motion no later than 30 days before the hearing, is not contrary to the statute. Therefore, under the circumstances in this case, § 23–1061(A) does not bar the joinder of Western as a statutory employer even though the one-year time period had expired.[2]

■ ¶ 14 Moreover, although the Arizona Rules of Civil Procedure do not govern workers' compensation proceedings, *see* A.R.S. § 23–941(F) (1995) ("the administrative law judge is not bound by common law or statutory rules of evidence or by technical or formal rules of procedure"), they provide guidance and support our analysis. Western argues that, under the "relation back" doctrine of Rule 15(c), it, as a defendant to the proceedings, cannot be joined because it did not receive notice of the claim within the statutory period and was prejudiced thereby.

¶ 15 We find Western's argument unpersuasive. As noted by the Special Fund, it is a "defendant party in interest" seeking "to join a new party to a timely filed claim for the purpose of seeking reimbursement" for benefits paid. Therefore, Rule 14(a), permitting a defendant, as a third-party plaintiff, to join another party "who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third party plaintiff" at any time after commencement of the action against the defendant, is more directly on point. Thus, under Rule 14(a), the Special Fund would not be precluded by § 23–1061(A)'s one-year period from seeking reimbursement from Western for benefits paid to the claimant.

¶ 16 Finally, reasonable evidence supports the ALJ's decision to allow joinder of Western. Western received timely notice of its potential liability and no hearings have been held. Any prejudice Western may have suffered by the delay in holding ICA hearings is due to its bringing this interlocutory appeal, when this appeal could have been brought after the ICA hearings concluded.

### CONCLUSION

¶ 17 For the foregoing reasons, the decision upon review is affirmed.

CONCURRING: DANIEL A. BARKER, Presiding Judge and JOHN C. GEMMILL, Judge.

---

2. Because the Special Fund is the party that has requested joinder under Rule 150, we need not consider whether, or under what circumstances, § 23–1061(A) would preclude a claimant from joining a party outside the limitations period.