469 P.2d 864

Marshall LAND, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Southwest Forest Industries, Inc., Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 313.

Court of Appeals of Arizona, Division 1, Department A.

May 26, 1970.

Gorey & Ely, by Stephen S. Gorey, and Jeffrey D. Bonn, Phoenix, for petitioner.

Stevenson, Warden & Smith, by William W. Stevenson, Flagstaff, for respondent employer.

Donald L. Cross, Chief Counsel, Phoenix, for The Industrial Commission of Arizona.

Robert K. Park, Chief Counsel, Phoenix, for State Compensation Fund.

CAMERON, Judge.

This is a writ of certiorari to review the findings and award of the respondent Industrial Commission[1] which held that petitioner's notice of protest was not timely filed and that therefore the Commission had no jurisdiction to further consider the matter.

We are called upon to determine:

1. whether petitioner's notice of protest of the award was timely filed, and

2. whether the attorney for the Commission had the power to waive the time for filing said notice.

Petitioner, Marshall Land, sustained an industrial injury to his right knee on 17 February 1964 while working for the respondent employer as a chain puller. The patient complained of continual pain and discomfort and on 21 October 1964 knee surgery was performed. Further surgery was performed on 17 March 1965 wherein the knee was fused and a pin inserted.

On 6 June 1966, findings and award for scheduled permanent disability were issued with a 35% loss of function of the right leg. Notice of protest of the award was filed on 22 June 1966. Then on 2 December 1966, Land filed his petition to reopen. On 27 January 1967, petitioner retained counsel to pursue his claim. At this time petitioner filed a letter with the Industrial Commission stating that he had retained attorneys to represent him in the matter. The letter stated:

"You are hereby authorized to allow my attorneys and their designees access to any and all records which are or may be in your possession including X-rays, laboratory reports, operative reports and any other pertinent data and to direct all correspondence, including checks payable to my order to * * *."

The firm's name and address in Phoenix, Arizona, were included in this letter. The law firm selected by petitioner is not the firm that is representing the petitioner in this appeal.

A medical consultation board was convened which found that the patient's complaints were largely subjective and that the patient should be able to work again. Additional findings and award were entered on 27 June 1967. The affidavit of service in the file indicates that the award was mailed to petitioner in care of his attorney and to petitioner's attorney at the attorney's Phoenix address.

Petitioner at this time was residing at McNary, Arizona, more than 100 miles from the City of Phoenix. Petitioner's attorneys contacted an attorney for the Commission on the 17th of July 1967, the 20th day, and asked for a one-day extension of time which the attorney orally granted him. A notice of protest of award was received by the Commission on 18 July 1967, the 21st day after the award. Further hearings were held on the matter and on 3 June 1969 the Commission entered its decision upon rehearing and order affirming additional findings and award which reads in part as follows:

"1. 'Additional Findings and Award' entered by the Commission on June 27, 1967 became final on July 17, 1967.

"2. The 'Additional Findings and Award', which was entered on June 27, 1967 was served on the same date to the applicant in care of his attorney in Phoenix, Arizona, and also served upon his attorney in Phoenix, Arizona.

"3. Notice of Protest of Award was filed on July 18, 1967 which was the 21st day following service of the award.

"4. The Commission, within its jurisdiction, did not act to waive the twenty (20) day requirement of Rule 37.

"5. The Commission has no power to waive jurisdiction once jurisdiction has been lost.

"6. The Commission lost jurisdiction when no protest had been filed within twenty (20) days after service of the award."

---

1. This case was decided under the law as it existed prior to 1 January 1969.

Land, through his newly acquired counsel, petitioned this Court for a writ of certiorari. Petitioner claims that (1) he was residing more than 100 miles from the Industrial Commission's office in Phoenix and is therefore entitled to an additional one day to file a protest, and (2) that a valid extension of one day to file had been granted by an attorney for the Commission.

## WAS PETITIONER ENTITLED TO THE BENEFIT OF THE 100 MILE RULE?

Petitioner contends that Rules 43 and 44, Rules of Procedure Before The Industrial Commission of Arizona, which state as follows, apply:

"43. Service by Mail: Service may also be made of any award * * * by enclosing the same copy or a copy thereof in a sealed envelope and depositing the same in the United States Mail, with postage prepaid, addressed to the party served. *Such service may be made to the address of such party as shown by the records of the Commission.* The service shall be deemed complete when the paper to be serviced is so deposited; provided, that where the distance between the *place of mailing and the place of address is more than one hundred miles, service shall be deemed complete one day after the deposit of the paper * * *.*" (emphasis ours)

"44. Service Upon Attorney: Service upon an attorney who has appeared in behalf of a party will constitute service upon such party."

This Court has recently discussed the effect of designating an attorney to represent a petitioner before the Commission:

"Rule 42 provides for personal service, Rule 43 provides for service by mail, Rule 44 is entitled 'Service Upon Attorney' and states '[s]ervice upon an attorney who has appeared in behalf of a party will constitute service upon such party.' It is the opinion of the Court that service upon the claimant who had previously given written authorization for service to be made upon her attorney, who was an attorney of record, was not valid service. Therefore, the time for filing a protest or petition for rehearing did not start to run until service was made upon the attorney. The Commission was correct in ordering the referee to make the decision upon the merits." Sill v. Industrial Commission, 12 Ariz.App. 6, 467 P.2d 81, filed 1 April 1970, review denied 19 May 1970.

Therefore, service upon the petitioner in care of his attorney in Phoenix constituted good service at the Phoenix address and precludes the necessity of allowing an additional one day within which to file the notice of protest.

## WAIVER OF THE TIME PERIOD BY THE ATTORNEY FOR THE COMMISSION

Petitioner next contends that on 17 July 1967, the last day for filing a protest, he had called an attorney in the Commission's legal department and had been granted an additional day in which to file without running into a jurisdictional problem. It is on this basis that petitioner claims that his protest was timely filed and that the Commission has jurisdiction.

Our Supreme Court has stated in discussing Rule 37 of the Rules of Procedure Before The Industrial Commission of Arizona which applies to a motion for rehearing as well as a notice of protest:

"We have repeatedly held that if no application for rehearing is made within twenty days after service of the award the same becomes final; further, we have said the commission may not, after the expiration of the twenty days, waive the rule regarding filing a petition for rehearing within twenty days and thus 'recreate an exhausted jurisdiction'." Narramore v. Fannin's Gas and Equipment Company, 80 Ariz. 115, 118, 293 P.2d 671, 673, (1956).

We feel that the same reasoning applies to this case. Unless the attorney for the

Commission had the power to bind the Commission as well as the respondent employer, then the Commission lost jurisdiction to extend the time for filing of the notice of protest after the time had passed to file said notice. The "Rules of the Departments of the Industrial Commission of Arizona" do not help either. Rule III reads as follows:

> "III. Stipulations for the extension of time in which to file papers or briefs in the various courts shall be received and acknowledged by members of the Legal Department."

We read this to mean that the attorneys may agree or stipulate to extensions of time before the Courts, but it does not mean that the attorneys for the Commission may grant an extension of time in a matter before the Commission. As far as proceedings before the Commission itself are conerned, the attorneys for the Commission may not bind the Commission unless the Commission itself ratifies the action. Rule VI of the Rules of the Department states:

> "The Chief Counsel and other members of the legal staff of the Commission who participate in administrative proceedings under these rules shall do so in behalf of the Commission in its capacity as insurance carrier."

Thus, in participating in administrative proceedings, the attorneys represent the insurance carrier or the Fund and not the Commission.

We find that the Commission did not approve and that all parties before the Commission did not stipulate. We therefore hold that the extension of time is not binding upon the Commission or the respondent employer.

It is noted that the additional findings and award filed on 27 June 1967 contained only the rubber-stamped names of the Commissioners on the place for their signatures. It is noted further that the file does not reflect that the Commission took this action as the Supreme Court in Benites v. Industrial Commission, 105 Ariz. 517, 467 P.2d 911, filed 13 April 1970, indicated should be done. Since the parties do not raise this question we do not consider the import of the failure to sign the award.

Award affirmed.

DONOFRIO, P. J., and STEVENS, J., concur.