486 P.2d 183

Leon Dempsie CAULEY, Petitioner,

v.

INDUSTRIAL COMMISSION of Arizona, Respondent,

Western Decorators, Inc., Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 10366–PR.

Supreme Court of Arizona, In Banc.

June 23, 1971.

Gorey & Ely by Stephen S. Gorey and Sherman Bendalin, Phoenix, for petitioner.

Donald L. Cross, Chief Counsel by W. C. Wahl, Jr., Phoenix, for Industrial Commission.

Robert K. Park, Chief Counsel by James E. McDougall, Phoenix, for State Compensation Fund.

Before STRUCKMEYER, C. J., HAYS, V. C. J., and UDALL and LOCKWOOD, JJ.

PER CURIAM.

Petitions to review a decision of the Court of Appeals in this matter were filed on January 14, 1971. An examination of the record discloses an order of the Court of Appeals, dated December 23, 1970, an excerpt of which reads as follows:

"In this matter the opinion was filed and notice thereof was given on October 21, 1970. The time for the filing of the motion for rehearing was fixed by the rules as November 5, 1970. On October 30, 1970 and prior to the due date for the filing of the motions the parties stipulated to extend the time to December 5. The Court entered its order pursuant to the stipulation. December 5 being a Saturday and Monday December 7 being the next judicial day, the motions would have been timely filed had they been filed on December 7. The motions were not filed until December 8. The motions were accompanied by a stipulation agreeing to the December 8 filing. The Court, being of the opinion that it was without authority to retroactively extend the time, declined to approve the stipulation.

It is the opinion of the Court that the motions for rehearing were not timely filed and that this Court is without jurisdiction to consider the same."

In view of the fact that the record supports the foregoing statements, and the *motions for hearing were not timely filed*, it would be inappropriate for this court to consider the petitions for review. 17 A.R.S. *Rules of the Supreme Court*, Rule 47(b).

The petitions for review are denied.

NOTE: Justice JAMES DUKE CAMERON disqualified himself from participating in the determination of this matter.