486 P.2d 229

Marshall LAND, Petitioner,

v.

INDUSTRIAL COMMISSION of Arizona, Respondent, Southwest Forest Industries, Inc., Respondent Employer, State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 313.

Court of Appeals of Arizona, Division 1, Department A.

June 28, 1971.

Review Granted Oct. 19, 1971.

**118**

Gorey & Ely, by Herbert L. Ely and Joseph M. Bettini, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel, Phoenix, for respondent, Industrial Comm. of Arizona.

Stevenson, Warden & Smith, by William W. Stevenson, Flagstaff, for respondent employer, Southwest Forest Industries, Inc.

Robert K. Park, Chief Counsel, Phoenix, for respondent carrier, State Compensation Fund.

STEVENS, Presiding Judge.

This Court issued its opinion in the instant case on 26 May 1970, which appears in 12 Ariz.App. 298, 469 P.2d 864 (1970). The instant case is governed by the law as it existed prior to 1 January 1969. This Court affirmed the award and concluded its opinion as follows:

"It is noted that the additional findings and award filed on 27 June 1967 contained only the rubber-stamped names of the Commissioners on the place for their signatures. It is noted further that the file does not reflect that the Commission took this action as the Supreme Court in Benites v. Industrial Commission, 105 Ariz. 517, 467 P.2d 911, filed 13 April 1970, indicated should be done. Since the parties do not raise this question we do not consider the import of the failure

to sign the award." 12 Ariz.App. at 301, 469 P.2d at 867.

A motion for rehearing was filed, directed primarily to this issue. Objections were filed to the motion for rehearing, and the matter was briefed.

■ The briefs agree that the "rubber-stamped" award of 27 June 1967 in relation to petitioner Land was not a valid award, but was void and a nullity under the holding in Benites v. Industrial Commission, 105 Ariz. 517, 467 P.2d 911 (1970), there being nothing in the file to indicate that the award was actually a finding or decision that was the deliberate act of the Commission. The respondent employer attempts to distinguish the instant case from the Benites case on the basis that the award of 3 June 1969 in relation to petitioner Marshall Land, signed by four Commissioners, contains the statement that the Commission had reconsidered the file and all reports before arriving at the conclusions therein stated, and further that that award affirms the award previously entered on 27 June 1967, a document which we hold to be a void award. This fact situation closely parallels the issues before the Court in Cauley v. Industrial Commission, 13 Ariz.App. 276, 475 P.2d 761 (1970). A petition for the review of the Cauley case was presented to the Supreme Court. We withheld ruling on the Land motion for rehearing pending the ruling of the Supreme Court on the Cauley petition for review. The Cauley petition for review was denied for lack of jurisdiction to review the same. See the 23 June 1971 opinion of the Arizona Supreme Court in Cauley v. Industrial Commission of Arizona, 107 Ariz. 285, 486 P.2d 183.

■ In the instant case, the findings of fact contained in the signed 3 June 1969 document were limited to a consideration of whether the next procedural steps were timely filed, the Commission concluding that they were not, and that the Commission had thereby lost jurisdiction. No

finding of fact was directed to the merits of the case. The statement contained in the award setting forth the statutory requirement that the Commission had reconsidered the file and all reports, does not give this Court the necessary findings of fact on which to base a review of the case on the merits. Russell v. The Industrial Commission of Arizona, 104 Ariz. 548, 456 P.2d 918 (1969), and this Court's opinion in Cauley. A void award is void, and cannot be "affirmed".

We do not agree with the Commission's determination that they had lost jurisdiction in this matter. The award of 27 June 1967 was void, and as such, it was a nullity. The Commission continued to have jurisdiction over the matter at the time it entered the 3 June 1969 award which contained the erroneous finding that it had lost jurisdiction.

The motion for rehearing is granted. The affirmance of the award is vacated. The award of 3 June 1969 is set aside.

CASE and DONOFRIO, JJ., concur.

NOTE: The original opinion in this case was authored by JAMES DUKE CAMERON, then a member of this Court. Judge CAMERON is now a member of the Arizona Supreme Court and his successor, WILLIBY E. CASE, Jr., has participated in the consideration of the motion for rehearing and this opinion.