**462**

532 P.2d 524

**STATE of Arizona, Appellee,**

v.

**Eugene CARR, Appellant.**

**No. 3086–PR.**

Supreme Court of Arizona,
In Banc.

March 6, 1975.

Gary K. Nelson, Former Atty. Gen., Bruce E. Babbitt, Atty. Gen., Cleon M. Duke, Asst. Atty. Gen., Phoenix, for appellee.

John M. Neis, Pima County Public Defender, Frederick S. Klein, Assistant Public Defender, Tucson, for appellant.

CAMERON, Chief Justice.

We granted the State's petition for review of an opinion and decision of the Court of Appeals, Division Two, setting aside a plea of guilty to the crime of first degree burglary, A.R.S. § 13–302, and a sentence thereon of not less than six years nor more than six years and one month. The plea of guilty was entered as a result of a plea bargain in which a charge of grand theft was dismissed.

■ We need answer only one question on appeal: Was it necessary for an appellant to make a motion for rehearing in the Court of Appeals before petitioning this court for review?

The following dates and filings are important to the resolution of this question:

16 May 1974: Memorandum Decision of the Court of Appeals remanding the matter to the trial court with directions to conduct a hearing to determine if the plea of guilty was knowingly, intelligently and voluntarily made.

19 September 1974: Supplemental Memorandum Decision affirming the finding of the trial court affirming the plea of guilty.

4 October 1974: Motion for rehearing by defendant.

18 October 1974: Response to motion for rehearing filed by State.

14 November 1974: Opinion of the Court of Appeals reversing the decision of the trial court "on motion for rehearing."

20 November 1974: Petition for review.

10 December 1974: Order of the Supreme Court granting Petition for Review.

20 December 1974: Motion by defendant to deny review as improvidently granted.

The State did not respond to defendant's motion of 20 December 1974.

Our statute, A.R.S. § 12–120.24, states:

"A party against whom a decision has been rendered or against whom a motion for dismissal of the action has been granted in the court of appeals may file in such court a motion for rehearing after the rendition of the decision or order of dismissal, setting forth with particularity the reasons why he believes the decision or order of dismissal erroneous. The opposite party may file his response to such motion. If the motion is denied, and the party against whom the decision or order has been rendered desires a further review by the supreme court, he shall serve upon the opposite party and file with the clerk of the division a statement that he desires such review. * * *"

And Rule 31.19, 17 A.R.S., sets the time limits within which the pleadings set forth in the statute must be filed:

"Within 5 days after service of notice of *denial* by the Court of Appeals of a motion for rehearing, any party may file a petition for review by the Supreme Court with the clerk of the Court of Appeals. The petition shall not specify the grounds upon which it is based. No response shall be filed to a petition for review. Upon the filing of a petition for review, the clerk of the Court of Appeals shall transmit the entire record to the clerk of the Supreme Court." (Emphasis added)

The only motion for rehearing in this case was granted in favor of petitioner Carr. Carr contends that the State must file a new motion for rehearing before he may file a petition for review. Therefore, according to Carr, after the adverse opinion of 14 November 1974, the State had to file a motion for rehearing and have that denied before he could file his petition for review in this court. With this contention we agree.

A timely petition for rehearing and determination thereof is a requirement for the filing of a petition for review. Cauley v. Industrial Commission, 107 Ariz. 285, 486 P.2d 183 (1971). The reason for this requirement is that the party asking for review must give the Court of Appeals an opportunity to correct its alleged errors before it asks this court to do so. In the instant case this was not done and the motion to deny review as improvidently granted will be granted.

It is noted that in the instant case there were three opinions, two memoranda and the last a published opinion. The last opinion was the only one that was adverse to the State. The State may well have felt it was a useless act to ask for rehearing after the last opinion. The State, however, did have a remedy. Rule 31.20 reads as follows:

"In exceptional circumstances, the Appellate Court, on motion of a party or on its own initiative, may suspend the requirements of any section of Rule 31 and may substitute any other appropriate order of proceedings."

The State did not avail itself of Rule 31.20 in the instant case.

Upon the issuance of the mandate, the order of this court granting the petition for review will be set aside as having been improvidently granted and the petition for review is dismissed.

STRUCKMEYER, V. C. J., and LOCKWOOD, HAYS and HOLOHAN, JJ., concur.