590 P.2d 913

STATE of Arizona, Appellee,

v.

Peter Mendoza HERBER, Appellant.

No. 4309–PR.

Supreme Court of Arizona,
In Banc.

Jan. 11, 1979.

Rehearing Denied Feb. 14, 1979.

John A. LaSota, Jr., former Atty. Gen.,
Robert K. Corbin, Atty. Gen. by William J.
Schafer, III, Carol Benyi, Asst. Attys. Gen.,
Phoenix, for appellee.

Auerbach & Freeman by Roger S. Auerbach, Tucson, for appellant.

STRUCKMEYER, Vice Chief Justice.

The State of Arizona in this petition for review seeks the reversal of an order of the Court of Appeals denying its motion to suspend the time for filing a motion for rehearing. The order of the Court of Appeals denying petitioner's motion is vacated and the case is remanded for the purpose of allowing petitioner to file its motion for rehearing.

Respondent, Peter Mendoza Herber, was arrested on the Papago Indian Reservation after officers of the Department of Public Safety found 9,000 pounds of marijuana in the rear of the truck he was driving. Herber waived his right to a jury trial and submitted his case to the court on testimony introduced at his suppression hearing. He was found guilty of unlawful possession of marijuana for sale and unlawful transportation of marijuana. On appeal, Division Two, interpreting a prior decision[1] of this Court, held that the State did not have authority to make a valid arrest on an Indian reservation, and that the warrantless search made at the time of the arrest was invalid.[2]

The State's motion for rehearing was due on May 17, 1978. On May 18, 1978, the State attempted to file its motion for rehearing together with a motion to suspend the rules pursuant to Rule 31.20, Rules of Criminal Procedure, 17 A.R.S. The Court of Appeals denied the motion to suspend the rules to permit the filing of the motion for rehearing. The denial was based on the fact that the motion was untimely filed and that the State failed to show exceptional circumstances, the prerequisite for the invocation of Rule 31.20.

On June 2, 1978, the State filed a motion for rehearing directed to the order denying suspension of the rules. Unlike its prior motion for rehearing, this motion was timely. On June 21, 1978, the Court of Appeals denied this motion. This petition for review was filed later on the same day, well within the five-day limit of Rule 31.19, Rules of Criminal Procedure, 17 A.R.S.[3]

■ A timely petition for rehearing and its determination by the Court of Appeals was a prerequisite for the filing of a petition for review. *State v. Carr*, 111 Ariz. 462, 532 P.2d 524 (1975); *Cauley v. Industrial Commission*, 107 Ariz. 285, 486 P.2d 183 (1971). However, by Rule 31.20, the State had another remedy. Rule 31.20 reads:

"In exceptional circumstances, the Appellate Court, on motion of a party or on its own initiative, may suspend the requirements of any section of Rule 31, and may substitute any other appropriate order of proceedings."

In *State v. Carr*, 111 Ariz. at 463, 532 P.2d 524, this Court observed that the appellant had not availed itself of Rule 31.20. In the present case, the State did file a motion to suspend the rules, and after the motion to suspend was denied, a timely motion to re-hear was filed. Consequently, the only issue before this Court is whether the Court of Appeals correctly determined that there were no exceptional circumstances as specified by Rule 31.20.

The State submitted the following statement in support of its motion to suspend the rules:

"This motion is supported by the following exceptional circumstances. This case is being handled by Crane McClennen, an Assistant Attorney General in the Phoenix office. He prepared the motion for rehearing herein and sent it to Tucson by

---

1. *Francisco v. State*, 113 Ariz. 427, 556 P.2d 1 (1976).

2. *State v. Herber*, (2 CA–CR 1259, filed April 27, 1978).

3. Rule 31.19 provides

"Within 5 days after service of notice of denial by the Court of Appeals of a motion for rehearing, any party may file a petition for review by the Supreme Court with the clerk of the Court of Appeals. The petition shall not specify the ground upon which it is based. No response shall be filed to a petition for review. Upon the filing of a petition for review, the clerk of the Court of Appeals shall transmit the entire record to the clerk of the Supreme Court."

Greyhound Bus for timely filing on May 17, 1978. A secretary in the Phoenix office informed the undersigned (State's Attorney) that the motion for rehearing should be picked up and filed, but in the press of other work, the undersigned neglected to arrange to do so."

The Court of Appeals did not comment on the circumstances, but merely noted in its order that the State had failed to show exceptional circumstances. Insofar as the State's explanation is concerned, it shows no more than carelessness or neglect. Were this the only circumstance, we would have little doubt but that the Court of Appeals correctly determined that carelessness, oversight or neglect is not such an exceptional circumstance as is contemplated by the rule. However, the circumstances which precipitated the default are not the only circumstances to be considered.

■ Rule 31.20 is comparable to Rule 2 of the Federal Rules of Appellate Procedure. See comments to Rule 31.20, A.R. C.P., 17 A.R.S. Professor Moore, in explaining the scope of the Federal Rule, recognized other elements which the court should consider. While the wording of the two rules is different, in this instance "good cause" in the Federal Rule equates with "exceptional circumstances" in Arizona's rule. Professor Moore states:

"What is the 'good cause' that justifies a court of appeals in suspending the requirements of provisions of the rules for the purpose of excusing non-compliance with the rules? It would seem that the 'good cause' requirement is met whenever there is a substantial question as to the correctness of the judgment or order rendered below and the non-compliance has not substantially prejudiced an opponent or seriously interfered with the efficient dispatch of the business of the court. * * Realistically, rules are simply directives to lawyers as to how to proceed in order best to assist the court in the economical and just determination of claims. To decline to hear a claim because rules designed to insure its just determination have been violated must always be the last, desperate refuge of the courts, to be reserved for cases in which the violation is destructive of the rights of others or of the ability of the courts to function." Moore's Federal Practice, Vol. 9 at pages 604, 605.

Plainly, among the exceptional circumstances, in addition to the party's excuse, are probability of error, prejudice to the opposing party, and the public's interest. These are all factors to be examined before a decision is made.

■ In this case, the decision is of substantial public interest. Nearly fifty percent of Arizona's land area is within the exterior boundaries of Indian reservations, many of which are located close to major metropolitan areas. The court's original decision creates a jurisdictional no man's land. The effect of a denial of the motion for rehearing by the Court of Appeals will be to deprive the State's law enforcement officials of jurisdiction over crimes committed by non-Indians against non-Indians while on an Indian reservation. Such, alone, is an exceptional circumstance palpably within the plain import of Rule 31.20. We are therefore convinced that exceptional circumstances exist which justified suspending the rules.

The order of the Court of Appeals denying petitioner's motion to suspend the rules is vacated, and the case is remanded for the purpose of allowing petitioner to present its motion for rehearing.

HAYS, HOLOHAN and GORDON, JJ., concur.

CAMERON, Chief Justice, dissenting.

I regret that I must dissent from the opinion of the majority.

I cannot agree with the conclusion of the majority that " 'good cause' in the Federal Rule equates with 'exceptional circumstances' in Arizona's rule." The Comment to Rule 31.20 reads as follows:

"This provision is comparable to Ariz.Sup. Ct.R. 26 and Federal Rules of Appellate Procedure 2. *Suspension is limited to exceptional circumstances rather than a*

*showing of good cause.* The rule's primary purpose is to allow the appellate court to expedite cases of special concern to the public or to the parties and to permit extensions of the page limits for briefs and memoranda in exceptional cases." (Emphasis supplied)

By adopting Rule 31.20 in a different form than Rule 2 of the Federal Rules of Appellate Procedure, I believe that we intended, as the Comment specifically states, to limit suspension of the rules to "exceptional circumstances" rather than "good cause." Until such time as we change the rules to conform to the Federal Rules of Appellate Procedure and its lesser standard of good cause, I believe we should adhere to the higher requirement of exceptional circumstances.