782 P.2d 715

**John Davies MALOTT, Petitioner,**

v.

**The Honorable Leslie B. MILLER, a Judge for the Superior Court of the State of Arizona, County of Pima, Respondent,**

**and**

**The STATE of Arizona, Real Party in Interest.**

No. 2 CA–SA 89–0106.

Court of Appeals of Arizona, Division 2, Department A.

Oct. 3, 1989.

Reconsideration Denied Nov. 13, 1989.

Susan A. Kettlewell, Pima County Public Defender by Clay Hernandez, Tucson, for petitioner.

Stephen D. Neely, Pima County Atty. by Sandra M. Hansen, Tucson, for real party in interest.

OPINION

HOWARD, Judge.

Petitioner brought this special action after the trial court overruled his objection to the questioning of the jury and its returning for further deliberation, eventually resulting in a verdict of guilty of burglary in the second degree. Because we believe the trial court's actions were an abuse of its discretion and in excess of its jurisdiction, we assume jurisdiction and grant relief.

Petitioner is the defendant in Pima County Cause Number CR–24625, and was charged by indictment with attempted sexual assault, burglary in the second degree, two counts of public sexual indecency with a minor and public sexual indecency with an adult. Following closing arguments,

the respondent court read jury instructions regarding the five counts. During its deliberations, the jury sent out two questions to the court, the one pertaining to this case stating:

Are all the charges felonies? If not which ones are felonies please. Based on the burglary charge of attempt to comit [sic] felony.

After conferring with the prosecutor and defense counsel, the court responded: "Public sexual indecency as to [adult victim] is a misdemeanor." No mention was made of the other counts, all of which were felonies. Shortly after the question was answered, the jury returned with a verdict finding petitioner not guilty of attempted sexual assault, not guilty of the burglary, guilty of two counts of sexual indecency with a minor and guilty of the charge of public sexual indecency with the adult victim. Before announcing the verdict in open court, but after apprising herself of the verdict, the trial judge called a bench conference where the following discourse occurred:

THE COURT: I think we've got a real problem. They have found him guilty of all aspects of public sexual indecency, and not guilty of burglary, which leads me to believe that they misunderstood and I'm going to have to inquire of them if their verdicts would be the same if they knew that public sexual indecency to a minor was, in fact, a felony.

I will take the four that are not a problem, and before I ask them about the burglary I'm going to have to inquire. This is an inconsistent verdict.

MR. HERNANDEZ: Judge, you're right, but I'm concerned. What I'm concerned about is that we inquire of them individually as opposed to have one spokesman for the whole group.

THE COURT: Certainly the foreperson can say if they need further time for deliberation, knowing that public sexual indecency to a minor is a felony. If they need additional time—

MR. HERNANDEZ: If they found him not guilty of burglary, but guilty of the—

THE COURT: Public sexual indecency to a minor.

MR. HERNANDEZ: Then I'm going to object. They have found him not guilty, and I think because he's been found not guilty—

THE COURT: Well, before I say anything I'm going to take the verdicts that make sense. If you think it's improper to do that, I will tell you, it becomes clear to me when I sent back an order that said public sexual indecency was a misdemeanor that there is error in this Court's decision. And the record should reflect that the reason that was done was to avoid—

MR. HERNANDEZ: Right.

THE COURT: —setting forth specific felonies and answering any more than absolutely necessary.

Had we, as the State requested, done some other thing or set forth each felony, then, I think, we would have had different verdicts.

It is the Court's explanation, I think, that has caused the problem here.

I'm going to go ahead and read these, and you can note an objection.

MS. HANSEN: But you are going to give them an opportunity—

THE COURT: Yes.

(End of bench conference).

*    *    *    *    *    *

THE COURT: Ms. Long, as Foreperson, I'm going to ask you if you feel that there would have been a different verdict as to the remaining charge of burglary had it been the knowledge of the jury that public sexual indecency to a minor is, in fact, a felony.

JUROR LONG: Yes, there would have. There was confusion on that point.

THE COURT: Knowing public sexual indecency to a minor is a felony offense, would it remain the verdict of each and every one of you—and we can poll you—as to a not guilty verdict to the charge of burglary in the second degree?

JUROR LONG: I think we would need to repoll on that one.

THE COURT: And I think that clearly there seems to have been some confusion in the Court's response, and we need to be very delicate in responding to the kinds of questions you ask. It seems that we perhaps created greater confusion in the case.

That being the case, I'm going to allow the jury to recess to determine whether they're able to reach a verdict as to the charge of burglary in the second degree.

(The jury retires to deliberate).

THE COURT: If you would hand the form of verdict to the bailiff, please.

JUROR LONG: Yes.

THE COURT: The verdict reads, omitting the formal caption: We, the Jury, duly impaneled and sworn in the above-entitled action, upon our oaths, do find the defendant, John Davies Malott, guilty of the offense of burglary in the second degree. Signed by Deborah Long, Foreperson.

Is this the verdict of each and every one of you?

(All indicate in the affirmative).

THE COURT: Do you wish to have the panel polled?

MR. HERNANDEZ: No, Your Honor. (Whereupon, the hearing on prior convictions was held).

THE COURT: Mr. Hernandez, did you want to place something on the record?

MR. HERNANDEZ: Yes, Your Honor. I'd like to put some things on the record with regard to the forms of verdict.

Your Honor, I think that the verdicts, as they came back, should stand as to the burglary. I think he was found not guilty of the other felony conviction.

The questions came from the jury, we answered the questions as the law was, and yet when they came back and find him not guilty of the burglary, but guilty of the other things, we automatically assume they made a mistake rather than look at the other possibilities.

The other possibilities, Your Honor, include—and now we have hindsight—but at the time, the other possibilities included maybe Mr. Malott didn't enter with the intent to commit the felonies upon the children but it happened once he got there.

Or, that maybe Mr. Malott entered the house at the invitation of [the adult victim], yet ends up going beyond his invitation and ends up standing there naked in the room.

These are just as viable as the ones that the Court believes happened after the verdicts. They were unanimous verdicts and there's no indication on the record, Judge, prior to your question that everybody was insecure or that—anything but the fact that everyone was secure in those verdicts. They said that those—

THE COURT: Mr. Hernandez, you certainly will be welcome to make a long and extended argument on appeal.

Let me state now for the record and for any clarification that before reading the verdict the Court asked if this is the verdict of the jury if they know that the sexual indecency charge as to the minor children was a felony. There was an immediate response it would not be.

I also asked subsequent to that and suggested to the jury if they needed any further time to deliberate, without a suggestion that the verdict should be changed or would not be appropriate. I also gave you an opportunity to poll the jury, and while the jury is still here, we can certainly individually poll the jury as to a determination as to whether or not they, each and every one of them, feel that he is guilty of the burglary charge.

The questions of the jury certainly bring to mind the questions of the jury being that they wanted to specifically know what the felony charges were and to have those identified, and the failure of the Court to do that as requested by the jury certainly gives rise to a belief that a misunderstanding may have developed.

I believe we had jurors who said in open court that there was a misunderstanding and that it was not made clear to them and felt that the Court did not answer their question appropriately.

\* \* \* \* \* \*

I will tell you, for the record, that the jury specifically asked to know what other charges that were being charged were felonies to support a conviction for burglary and specifically stated it that way in their question, and I don't believe there is any evidence in this record to support [the adult victim] having invited Mr. Malott into her home or having asked him to enter the residence for any purpose on that evening, and I don't believe that there is any evidence to support or suggest that contention.

MR. HERNANDEZ: Your Honor, those are two contingent—what I'm saying is I've never, ever seen a jury asked if that is their verdict but, hey, let's give you a few more instructions before we take it from you.

Your Honor, there is no question from them, there is a verdict that found my client not guilty of something.

THE COURT: I'm not going to change the decision in this case. I'll allow you to make your record.

Preliminarily, we must dispose of the state's argument that the case is governed by *State v. Govan*, 154 Ariz. 611, 744 P.2d 712 (App.1987). In that case, the trial court instructed the jury on self-defense, using an instruction held to be fundamental error by our supreme court years earlier. During jury deliberations, the court was informed that the instruction was probably erroneous and the court decided to call the jury into the courtroom. Before the jury returned, the court was informed that a verdict had been reached. However, the court brought the jury in and gave further instructions and directed the jury to reconsider any verdict it might have reached in light of the new instruction. At no time was the court aware of the verdict the jury might have reached. We agree with Division One's resolution, but find the case inapplicable to the one before us. Similarly, the state's citation to *Griffin v. State*, 414 So.2d 1025 (Fla.1982) has no bearing on this case. Its holding that a verdict must be announced in court for it to be final is understandable where the jury comes back and, before its verdict is announced, finds that some of its members wish to change

their minds and the jury retires for further deliberations. It is true that its preliminary verdict was not final and it is free to change verdicts up until the time it is announced in open court. Again, that is not the situation here.

The danger of the occurrence herein is that the trial court impinged on the jury's role of reaching its verdict free of any biased or prejudiced input from the trial court.

> A trial judge does not, however, have free reign in attempting to get the jury to agree on a verdict.
>
> A trial judge must be careful not to appear to influence a jury into making a particular decision or coerce a jury into a verdict that the jury would not otherwise reach without compromising the beliefs of one or more jurors.

*State v. McCutcheon*, 150 Ariz. 317, 723 P.2d 666 (1986). In that case our supreme court went on to say that the "test of coerciveness is whether the trial court's actions or remarks, viewed in the totality of circumstances, displaced the independent judgment of the jurors." 150 Ariz. at 320, 723 P.2d at 669.

■ It is clear that the trial court's interaction with the jurors pressured them into finding petitioner guilty of the burglary count. The jurors were aware that the trial court was faulting them for finding the petitioner not guilty of burglary and giving them a second opportunity to correct their error. The jury was properly instructed on the law, and the trial court's response to its question was not "inconsistent" as the state alleges. It was accurate. It merely emphasized the misdemeanor allegation rather than stressing the remaining felonies. In this situation, the trial court had no reason to interfere in the province of the jury. The fact that the verdict may have appeared inconsistent to the trial judge when she initially read it is of no consequence. It is well-established that consistency in verdicts on different counts of an indictment is not necessary. *State v. Flynn*, 109 Ariz. 545, 514 P.2d 466

(1973); *State v. Zakhar*, 105 Ariz. 31, 459 P.2d 83 (1969).

The respondent court's intervention in the process under these circumstances coerced the jury into returning a guilty verdict on the burglary count. The stay of the proceedings is lifted and the case is remanded to the trial court with directions to enter a judgment of acquittal on the burglary count and to sentence petitioner on the counts of which he was convicted.

ROLL, P.J., and HATHAWAY, J., concur.