788 P.2d 124

The STATE of Arizona, Petitioner,

v.

The Hon. Lina S. RODRIGUEZ and Hon. Howard Hantman, Judge Pro Tem., Judges for the Superior Court of the State of Arizona, County of Pima, Respondents.

Salvador Garcia PRADO, Real Party in Interest.

No. 2 CA–SA 89–0126.

Court of Appeals of Arizona, Division 2, Department A.

Dec. 14, 1989.

Redesignated as Opinion Dec. 14, 1989.

Petition for Review Granted in Part and Denied in Part April 3, 1990.

Stephen D. Neely, Pima County Atty. by Dennis L. Lusk, Tucson, for petitioner.

Susan A. Kettlewell, Pima County Public Defender by Heather E. Williams, Tucson, for real party in interest.

## OPINION

ROLL, Presiding Judge.

The state files this petition for special action in connection with the trial court's granting of defendant Salvador Garcia Prado's motion for new trial based upon juror misconduct. Because the impeachment of the jury's verdict resulted from impermissible intrusion into the jury's mental processes, we accept jurisdiction and grant relief.

## FACTS

In June 1989, defendant Salvador Garcia Prado stood trial on four counts of unlawful sale of a narcotic drug. The jury returned verdicts finding Prado guilty on all four counts. When the jury was polled, unanimity was established. Thereafter, the trial court told the jury:

> You did what you felt was right and you cannot in any way get yourselves upset or feeling badly about whatever decision you've made.
>
> \*   \*   \*   \*   \*   \*
>
> As it is currently alleged, I don't have much choice. Under Arizona law there's mandatory sentencing. And my understanding of the range of sentencing is the presumptive sentence of 15.5 years, minimum of 14 years and maximum of 28

years is the range I'll be looking at, and I have discretion only within those parameters.

Is it flat time, day for day?

[DEFENSE COUNSEL]: Yes, your honor.

THE COURT: So the least I can give Mr. Prado is 14 years flat time presently alleged. It depends on whether each count will be alleged as a prior or pursued in that regard.

\* \* \* \* \* \*

THE COURT: I tell the jury what the sentencing date is and the range of sentencing since you've sat here for two days and I think that jurors like to know what options there are.

Is that a fair—do you all understand that? Does that offend anybody? Is anybody upset that I told you what the range of sentencing is?

You are all comfortable with that.

After contacting the jurors regarding their verdicts, defense counsel filed a motion for new trial based upon jury misconduct. At the evidentiary hearing the jury foreperson and a second juror testified. Over the prosecutor's repeated objection that defense counsel was delving into the mental processes of the jury's deliberations, defense counsel questioned the jurors.

At one point during the evidentiary hearing, the foreperson testified:

When I found out what the minimum prison time was for the crime, I felt the defendant in this case here was guilty of the crime, but I did not believe that it warranted that lengthy of a sentence, as an awful lot of criminals are out in much shorter time, and I just felt like I thought the court ought to be a little bit more compassionate here. That's why I am here.

On cross-examination, the foreperson testified that there was never any doubt in his mind regarding Prado's guilt and that his only concern was the severity of the sentence which the court would be required to impose.

Over the prosecutor's objections, the second juror testified that she felt "pres-sured" into voting guilty, that she felt that Prado had been entrapped, that other jurors discussed that if Prado was found not guilty he might sell drugs to children, and, regarding punishment, that some jurors discussed the fact that this was probably Prado's first offense.

The trial court granted Prado's motion for new trial, stating in part:

[The Juror] also testified to inappropriate subjects discussed by the jury during deliberations, which influenced their decision—to wit, the fact that the defendant would in all likelihood get probation (inappropriate discussion of punishment despite strict instructions to the contrary), the fact that the juror would not like the defendant to be selling drugs to her children at school, and the fact that the jurors were anxious to complete their deliberations so that they could go home.... There is little doubt in this Court's mind, especially after observing the emotional state of the two jurors who testified, that these jurors were confused, misunderstood the instructions, and disregarded this Court's instruction during deliberations.

## ISSUES ON APPEAL

In its petition for special action, the state argues that the trial court abused its discretion when it granted Prado's motion for new trial because, in so ruling, the trial court considered the mental processes of the jury, in violation of Rule 24.1(d), Ariz. R.Crim.P., 17 A.R.S. Prado argues that this court should decline jurisdiction because the state had an adequate remedy by appeal.

### Exercise of Jurisdiction

■ Prado argues that this court has no jurisdiction to consider this special action because the state has the right to appeal an order granting a new trial, A.R.S. § 13–4032(2), and failed to file notice of an appeal within 20 days after issuance of the order granting Prado a new trial. Rule 31.3, Ariz.R.Crim.P., 17 A.R.S.

The state urges this court to suspend the requirement of Rule 31.3 and grant review

of the trial court's order. We agree that suspension of the rule is appropriate in this case.[1]

Rule 31.20 states:

In exceptional circumstances, the Appellate Court, on motion of a party or its own initiative, may suspend the requirement of any section of Rule 31, and may substitute any other appropriate order of proceedings.

In *State v. Herber*, 121 Ariz. 374, 590 P.2d 913 (1979), the supreme court interpreted Rule 31.20 and stated that exceptional circumstances could be found by examining the party's excuse for the untimely filing, the correctness of the judgment below, prejudice to the opposing party, and the public's interest. *Id.* at 376, 590 P.2d at 915. Under appropriate circumstances, the requirements of Rule 31 may be suspended.

Here, the state had no excuses for the untimely filing. The time for filing the appeal lapsed while counsel was on vacation and the trial court denied the state's motion for rehearing Prado's motion for a new trial. The remaining circumstances, however, support suspension of the Rule 31 requirements. Prado has shown no legally cognizable prejudice as a result of the state's delay. More importantly, the order below was based upon an impermissible intrusion into the mental processes of the jury and the public interest clearly favors protection of the integrity of the jury's deliberative processes. *Malott v. Miller*, 162 Ariz. 239, 242, 782 P.2d 715, 718, (App. 1989). This interest warrants suspension of the requirements of Rule 31. This petition will be allowed to proceed as a delayed appeal.[2]

## Motion for New Trial

[2] Our standard of review is whether the trial court abused its discretion in granting the motion for new trial.

Rule 24.1(d), Ariz.R.Crim.P., 17 A.R.S., provides in part:

No testimony or affidavit shall be received which inquires into the subjective motives or mental processes which led a juror to assent or dissent from the verdict.

The second juror, over the prosecutor's objections, was permitted to testify that she felt pressured into voting guilty, some jurors were anxious to conclude deliberations, she thought the instructions were "possibly a little unclear," and she felt that Prado was entrapped on at least some counts. This juror also testified that jury members discussed during their deliberations how Prado supported himself without an "on-the-books" job, that Prado might sell drugs to children if acquitted, and that he was likely to "get off" anyway since it was probably his first offense.

In *State v. Snowden*, 138 Ariz. 402, 675 P.2d 289 (App.1983), this court commented regarding a trial court's inquiry into how many times the jury played a tape which had been admitted into evidence:

Neither the trial court nor this court is permitted to consider any inquiry into the subjective motives or mental processes leading a jury to assent or dissent from the verdict. Rule 24(D), Rules of Criminal Procedure, 17 A.R.S. The appellant's argument would have the court violate that rule. If the inquiry which the trial court made here is approved, then the jury might next be asked how many times they looked at a gruesome

---

1. Alternatively, this court could exercise its discretion and accept jurisdiction of the special action. The decision to accept jurisdiction is discretionary and may be invoked to correct a plain and obvious error of the trial court, *Amos v. Bowen*, 143 Ariz. 324, 327, 693 P.2d 979, 982 (App.1984), or when the trial court's order "is without precedent or support in the law and cannot be justified." *Western Waste Services v. Superior Court*, 120 Ariz. 90, 91, 584 P.2d 554, 555 (1978); *see King v. Superior Court*, 138 Ariz. 147, 149–50, 673 P.2d 787, 789 (1983).

2. We decline to follow *State v. Berry*, 133 Ariz. 264, 650 P.2d 1246 (App.1982) where Division One of this court declined to accept jurisdiction over an appeal that was untimely filed. Rule 5(b), Rules of Civil Procedure, prohibits this court from extending the time for filing a notice of appeal in civil matters only. Rule 31.20, Rules of Criminal Procedure, specifically permits this court to suspend the requirements of Rule 31, which include the 20–day time requirement for filing a notice of appeal.

picture or even whether they considered an exhibit at all. The practice is fraught with trouble and is to be discouraged.

*Id.* at 404, 675 P.2d at 291.

In *State v. Callahan,* 119 Ariz. 217, 219, 580 P.2d 355, 357 (App.1978), Division One of this court was presented with a situation in which the foreman of a jury submitted an affidavit stating that during deliberations, the jury had considered the defendant's failure to take the stand and that this failure was a factor in reaching the verdict. The court held that because the jury's consideration of the defendant's failure to testify did not fit under any of the six types of conduct enumerated in Rule 24.1(c), it could not be the basis for impeaching the verdict or granting a new trial. *Id.* at 220, 580 P.2d at 358.

In *State v. Collins,* 130 Ariz. 280, 635 P.2d 873 (App.1981) (Howard, J., dissenting), a witness testifying during a defendant's trial for drunk driving mentioned a suppressed breathalyzer reading. The jury returned a guilty verdict. Thereafter, defense counsel moved for a new trial based upon an affidavit from the jury foreman indicating that he had made notes regarding the suppressed breathalyzer reading and that during deliberations he read the notes to the other jurors. The affidavit also recited that the jury foreman considered the breathalyzer reading even though the court had instructed the jury not to do so. This court vacated the trial court's granting of a motion for a new trial, concluding that when the trial court based its order on the jury's consideration of the juror's notes, it had inquired into the mental processes of a juror.

In the matter before us, the second juror asserted that she was pressured into voting guilty. It is well settled that such a claim is not adequate grounds for setting aside a verdict. *State v. Hutton,* 143 Ariz. 386, 391, 694 P.2d 216, 221 (1985); *State v. Cipriano,* 24 Ariz.App. 478, 480, 539 P.2d 952, 954 (1975); *State v. Melcher,* 15 Ariz. App. 157, 161, 487 P.2d 3, 7 (1971). The trial court's granting of Prado's motion for new trial was not based upon any of the grounds delineated in Rule 24.1(c), but

rather upon the mental processes of the jurors. The jurors' willingness to come forward appears to have been triggered by statements by the trial court regarding the mandatory sentence which the trial court was required to impose upon the defendant. In *Malott, supra,* this court emphasized the importance of recognizing the jury's integrity and the need for the trial court to defer to the jury's determination of matters within its province. Because punishment is not a legitimate concern of the jury, the practice of advising the jury of the range of sentence at the conclusion of the trial appears to be an irrelevant and unfavored practice.

For the reasons set forth above, we accept jurisdiction and vacate the order granting motion for new trial.

HOWARD and HATHAWAY, JJ., concur.